UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
POINT 4 DATA CORP., et al.,

                               **Plaintiffs,**

                  **-against-**

TRI-STATE SURGICAL SUPPLY,
LTD., et al.,

                              **Defendants.**
-------------------------------------------------------------x

**MEMORANDUM
AND ORDER**

**11-CV-726 (CBA)**

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      Currently pending before this Court is a letter from plaintiffs Point 4 Data Corporation and Dynamic Concepts, Inc. (collectively, "plaintiffs") concerning two discovery disputes between the parties. See Letter Requesting Court's Assistance (Nov. 11, 2011) ("11/11/11 Pl. Motion"), ECF Docket Entry ("DE") #100. Specifically, plaintiffs (1) accuse defendant Tri-State Surgical Supplies & Equipment, Ltd. ("defendant") of spoliation of evidence; and (2) seek an order compelling defendant to produce additional financial records. See id.

## DISCUSSION

### I. SPOLIATION

      Plaintiffs seek sanctions based on defendant's alleged spoliation of a computer file ("the Passport Log") on defendant's computer server; as originally produced by defendant, the Passport Log contained no data predating February 25, 2010. See 11/11/11 Pl. Motion at 1. However, after plaintiffs filed their motion, defendant's employees located two misfiled backup tapes containing a Passport Log file with entries from 1999 to 2009. See Letter Advisory re Passport Log (Nov. 16, 2011), DE #104. Defendant served plaintiffs with a copy of the

printed Passport Log file and agreed to produce a native copy of that file. See id. As plaintiffs do not dispute that they now have the "missing" Passport Log data, plaintiffs' spoliation claim is denied as moot.

## II. DEFENDANT'S FINANCIAL RECORDS

Plaintiffs also seek "access to detailed revenue and expenses information" from defendant, see 11/11/11 Pl. Motion at 3, in connection with plaintiffs' claim that they are entitled to recover "any profits of the violator that are attributable to the violation" of the Digital Millennium Copyright Act. Id. (quoting 17 U.S.C. § 1203(c)(2)); see also Letter Motion for Extension of Time (Nov. 28, 2011) ("Pl. Reply") at 1-2, DE #105. Defendant responds that plaintiffs are not entitled to disgorgement of profits under section 1203(c)(2) because the profits of defendant, a medical supply company and a licensed user of plaintiffs' software, are not "attributable" to defendant's alleged circumvention of a security mechanism in plaintiffs' software. See Letter Response to Plaintiffs' November 11 Letter Motion (Nov. 15, 2011) ("Def. Response") at 2-3, DE #103.

The Court will hear oral argument on this application at 10:00 a.m. on December 9, 2011, in Courtroom 13C-S.

        **SO ORDERED.**

**Dated:**    **Brooklyn, New York**
           **December 7, 2011**

                                          **ROANNE L. MANN**
                                          **UNITED STATES MAGISTRATE JUDGE**