UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
POINT 4 DATA CORP. and DYNAMIC
CONCEPTS, INC.,

                      Plaintiffs,

        - against –

TRI-STATE SURGICAL SUPPLY &
EQUIPMENT, LTD., SJ COMPUTERS,
INC. and SHMUEL JUDKOVITZ,

                     Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11 CV 726 (CBA) (RLM)

AMON, Chief United States District Judge:

      This Court has received the Memorandum & Order ("M&O") of the Honorable Roanne L. Mann, United States Magistrate Judge, dated June 27, 2012, denying the motion of plaintiffs Point 4 Data Corp. ("Point 4") and Dynamic Concepts, Inc. ("Dynamic") to file an amended complaint adding five new defendants (George and Shimon Hoffman and the "Related Entities"). The plaintiffs have filed objections to the M&O, arguing that the magistrate judge erred in entering her order as an M&O rather than a Report & Recommendation ("R&R"); that she erred in holding the plaintiffs to the "good cause" standard of Rule 16 of the Federal Rules of Civil Procedure; and that, in any event, the plaintiffs have shown good cause and should be permitted to amend. For the reasons below, the Court affirms the M&O in full.

    **I.**      **BACKGROUND**

      The Court assumes the parties' familiarity with the history of this litigation, and incorporates the statement of relevant facts set forth in the magistrate judge's M&O.

## II.    STANDARD OF REVIEW

As an initial matter, the Court agrees with the M&O that a magistrate judge's ruling on a motion to amend based on Rule 16 is properly analyzed under the "clearly erroneous" standard of review for nondispositive matters provided by Rule 72(a) of the Federal Rules of Civil Procedure.

In <u>Fielding v. Tollaksen</u>, 510 F.3d 175 (2d Cir. 2007), in the context of addressing the plaintiff's motion to amend the complaint to add three defendants, which had been denied by the magistrate judge on the basis of futility, the Second Circuit stated:

> As a matter of case management, a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent. 28 U.S.C. § 636; Fed.R.Civ.P. 72(a). . . . The rule also provides that "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."

<u>Id.</u> at 178.  Although the ultimate holding of <u>Fielding</u> was focused on the Second Circuit's jurisdiction to affirm the magistrate judge's order, and it does not appear that any party disputed that the motion was nondispositive, the case provides some guidance on the standard of review applicable to magistrate judge orders on motions to amend the complaint.  <u>See also</u> <u>Kilcullen v. New York State Dep't of Transp.</u>, 55 Fed. App'x 583, 584 (2d Cir. 2003) ("Kilcullen filed a motion to amend the complaint . . . . This non-dispositive motion was referred to Magistrate Judge Randolph F. Treece, who . . . held that the proposed amendment would be futile . . ." (citing Fed. R. Civ. P. 72(a))).  The district court cases cited by the plaintiffs, which treated motions to amend as "dispositive" and subject to de novo review by the district court, all predate this statement in <u>Fielding</u>.  (<u>See</u> Pl. Obj. at 2.)  Moreover, treating motions to amend as nondispositive comports with the magistrate judge's statute, <u>see</u> 28 U.S.C. § 636(b)(1)(A) (enumerating dispositive matters subject to de novo review and not including motions to amend),

2

as well as the pronouncements of other Courts of Appeals to have addressed the question. See Franke v. ARUP Laboratories, Inc., 390 Fed. App'x 822, 828 (10th Cir. 2010) ("Mr. Franke's motion to amend was a nondispositive pretrial matter that the magistrate judge was authorized to decide pursuant to 28 U.S.C. § 636(b)(1)(A)."); Hall v. Norfolk Southern Ry. Co., 469 F.3d 590, 595 (7th Cir. 2006) ("The district judge correctly held that the magistrate judge's denial of Hall's motion to amend his complaint [to add a defendant] was nondispositive, subject only to review for clear error."); Pagano v. Frank, 983 F.2d 343, 346 (1st Cir. 1993) ("Under ordinary circumstances a motion to amend a complaint is 'a pretrial matter not dispositive of a claim or defense of a party' within the purview of Fed.R.Civ.P. 72(a).").

Whatever can be said of orders on motions to amend based on "futility" of the proposed amendments, see Children First Foundation, Inc. v. Martinez, 2007 WL 4618524, at *4 (N.D.N.Y. 2007) ("[S]ome district courts in this circuit have held that a denial of a motion to amend is dispositive in situations where the denial is based on futility, because such a motion is analyzed under the same standard as a motion to dismiss for failure to state a claim or a motion for summary judgment, both of which are dispositive motions."), the Court is persuaded that the "clearly erroneous" standard is appropriate for orders based on procedural considerations under Rule 16, see Oppenheimer & Co. Inc. v. Metal Mgmt., Inc., 2010 WL 743793, at *1 (S.D.N.Y. 2010) (applying clear error standard of review to denial of motion to amend based on failure to show "good cause" under Rule 16); Sokol Holdings, Inc. v. BMB Munai, Inc., 2009 WL 3467756, at *4 (S.D.N.Y. 2009) ("Here, the Magistrate Judge's denial of leave to amend is based on a procedural violation—to wit, non-compliance with a scheduling order without a showing of 'good cause'—rather than a substantive determination on the merit of Plaintiffs' claims. The specific circumstances of the instant motion and the weight of opinion in this Circuit suggest that

application of the 'clearly erroneous' standard of review is appropriate."). The magistrate judge has been most closely involved in the course of discovery, and has been able to make first-hand observations that were relevant to her Rule 16 analysis. Accordingly, some deference to her findings and conclusions seems warranted.

The Court is not dissuaded by the fact that it entered a standard order referring the motion to amend to the magistrate judge for "report and recommendation": the particular wording of this referral in no way affected how the motion proceeded, and the plaintiffs have not alleged any reliance thereon. Indeed, the plaintiffs arguably should have addressed the motion to the magistrate judge in the first instance, thereby obviating the need for any referral order at all. Accordingly, the Court does not find error in the magistrate judge's decision to enter a Rule 16 order as an M&O, to be reviewed under the Rule 72(a) clear error standard.

### III.   DISCUSSION

#### a.   The Application of Rule 16

The magistrate judge did not err in holding the plaintiffs to the dictates of Rule 16. The Court is unpersuaded by the plaintiffs' argument that Rule 16 is not applicable simply because the scheduling order omitted a specific deadline for amendments to the complaint. As the magistrate judge thoroughly detailed, this omission was predicated on the plaintiffs' own clear representations to the Court that there would be no amendments, as well as the magistrate judge's statement to that effect on the record. Here, the parties' Rule 26(f) submissions, as well as their conferences and correspondence with the magistrate judge, "left no doubt" that the existing complaint "was the final statement of the [plaintiffs'] claims." In re Wireless Tel. Servs. Antitrust Litig., 2004 WL 2244502, at *5 n.6 (S.D.N.Y. 2004); see also 380544 Canada, Inc. v. Aspen Technology, Inc., 2011 WL 4089876, at *3 (S.D.N.Y. 2011) (despite absence of formal

4

Rule 16 scheduling order, the substance of court orders and discovery schedules "explicitly limited the plaintiffs' ability to amend their complaint—the prerequisite for applying Rule 16").

It would be illogical and unfair to accept the plaintiffs' position that, because they unequivocally represented that they would not be amending the complaint at all, they should in fact be free to amend the complaint at any time without any showing of good cause or diligence under Rule 16. Accordingly, Rule 16's "good cause" standard applies.

### b. The Plaintiffs Have Not Shown Good Cause

The Court also affirms the magistrate judge's conclusion that the plaintiffs have not shown diligence in seeking to amend the complaint and thus have not shown good cause. See Parker v. Columbia Pictures Indus., 204 F.3d 326, 340 (2d Cir. 2000) ("a finding of 'good cause' depends on the diligence of the moving party"). Relevant here, a party has not been diligent under Rule 16 "when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 2012 WL 98493, at *2 (S.D.N.Y. 2012); see Parker, 204 F.3d at 341 (affirming denial of plaintiff's motion to amend for lack of good cause where, long before the Rule 16 deadline, the plaintiff "had all the information necessary to support a breach of contract claim, and nothing he learned in discovery or otherwise altered that fact"); Lamothe v. Town of Oyster Bay, 2011 WL 4974804, at *6 (E.D.N.Y. 2011) ("To satisfy the good cause standard the party must show that, despite its having exercised diligence, the applicable deadline could not have been reasonably met.").

The plaintiffs' assertion that they wished to obtain additional evidence of liability before naming particular defendants fails to explain why they unequivocally denied any intention to amend at the initial conference. The question under Rule 16 is whether the plaintiffs acted with

5

sufficient diligence to excuse their failure to comply with court-ordered scheduling. The M&O thus does not, as the plaintiffs suggest, broadly encourage the bringing of hasty claims (Pl. Obj. at 5); it simply requires the plaintiffs to show diligence in light of the clear impressions they instilled in their opponents and the Court regarding their lack of any intention to amend the complaint. A court need not believe that the plaintiffs acted irrationally or in bad faith to conclude that they did not act diligently.

Here, it was not clearly erroneous for the magistrate judge to conclude that the plaintiffs possessed the essential information concerning the proposed additional defendants' potential liability long before they sought to name those defendants in the complaint: specifically, the 2010 Emails (produced to the plaintiffs in March 2011) and the plaintiffs' admitted knowledge that the Related Entities had been using the Genesys/UniBasic software. The plaintiffs themselves relied heavily on the 2010 emails in their opening brief, as evidence of the Hoffmans' liability. (Pl. Mot. at 3-4.) The Court has independently reviewed the so-called "corroborative evidence" contained in the Hoffmans' depositions and finds it to add relatively little; as the magistrate judge concluded, the 2010 Emails were the key piece of evidence that should have, at a minimum, prompted the plaintiffs at the June 2011 initial conference to alert the Court and their opponents of the probability of an amendment. Additionally, the portions of the depositions dealing with the Related Entities appear to establish little more than the fact that the companies used the Genesys/UniBasic software—a fact that the plaintiffs concede they have known since the commencement of the litigation. (Pl. Mot. at 13.)

The Court is not persuaded that the cases cited by the plaintiffs, as support for the proposition that "a party may delay seeking leave to amend . . . to seek additional corroborative evidence" (Pl. Obj. at 5), imply that any different conclusion is warranted on the facts presented

6

here. See Moore v. Publicis Groupe SA, 2012 WL 2574742, at * (finding good cause, "albeit . . . with hesitation," in part because "there is no proof submitted that Plaintiffs knew about the extent of the sexual harassment complaints or the human resources policies until MSL produced them"); Enzymotec Ltd. v. NBTY, Inc., 754 F. Supp. 2d 527, 537 (E.D.N.Y. 2010) ("Insofar as NBTY does not contest that Enzymotec learned of the alleged breaches of the February 2006 Agreement during the course of discovery, the Court is satisfied that . . . good cause exists to permit an extension of that deadline.").

The Court also notes that the plaintiffs have at no point cited to any case law supporting the proposition that a sudden concern about satisfying a future judgment from existing defendants constitutes "good cause" for failing to abide by Rule 16 scheduling with respect to amending the complaint. They also have not made any showing that post-judgment remedies are insufficient to protect their interests in that regard. It therefore was not clearly erroneous for the magistrate judge to reject these arguments as insufficient.

Although the plaintiffs continue to insist that the filing of an amended complaint would not prejudice the defendants, lack of prejudice alone is typically insufficient to demonstrate "good cause" under Rule 16, and the magistrate judge thus did not commit clear error in declining to permit the amended complaint for that reason. See Sokol Holdings, Inc. v. BMB Munai, Inc., 2009 WL 3467756, at *6 (S.D.N.Y. 2009) (where movant failed to show good cause "consideration of prejudice . . . [was] not warranted"); Estate of Ratcliffe v. Pradera Realty Co., 2007 WL , at *1 (S.D.N.Y. 2007) ("while the absence of prejudice to a nonmoving party may be relevant to leave to amend under Rule 15(a), it does not fulfill the good cause requirement of Rule 16(b)"); Rent-A-Center, Inc. v. 47 Mamaroneck Ave. Corp., 215 F.R.D. 100, 104 (S.D.N.Y. 2003) ("If [a] party was not diligent, the [good cause] inquiry should end." (quoting

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir.1992))). Moreover, there has been a showing of prejudice here. See M&O at 18.

Finally, even if review were de novo, this Court on the record before the magistrate judge would uphold her clear and well-reasoned decision.

## IV. CONCLUSION

For the stated reasons, the Court affirms the magistrate judge's M&O and denies the plaintiffs' motion to amend the complaint.

SO ORDERED.

Dated: Brooklyn, New York
August 13, 2012

/s/
Carol Bagley Amon
Chief United States District Judge

8