UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
POINT 4 DATA CORP. and DYNAMIC
CONCEPTS, INC.,

                        Plaintiffs,

- against -

TRI-STATE SURGICAL SUPPLY &
EQUIPMENT, LTD., SJ COMPUTERS, INC.
and SHMUEL JUDKOVITZ,

                        Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
11-CV-00726 (CBA) (RLM)

AMON, Chief United States District Judge.

On February 11, 2011, plaintiffs Point 4 Data Corp. ("Point 4") and Dynamic Concepts, Inc. ("DCI") initiated this action against Tri-State Surgical Supply & Equipment, Ltd. ("Tri-State"), SJ Computers, Inc. and Shmuel Judkovitz (collectively, with Tri-State, "defendants"). Currently before the Court is a Report and Recommendation ("R&R") issued on August 2, 2013 by Magistrate Judge Roanne L. Mann recommending that the Court: (1) preclude substantial portions of the declarations of Douglas Chadwick ("Chadwick Declaration") and Don Burden ("Burden Declaration") submitted by plaintiffs in connection with the parties' cross-motions for summary judgment, and (2) grant in part and deny in part the parties' cross-motions for summary judgment. (DE #314.) Both parties timely filed objections to portions of the R&R. Having conducted a <u>de novo</u> review of the disputed portions of the R&R and considered the parties' objections, the Court adopts the R&R in large part but reserves decision on Tri-State's motion for summary judgment as to certain categories of contract damages as set forth below.

1

## BACKGROUND

The Court assumes the parties' familiarity with the facts and background of this litigation, as set forth in the R&R. (R&R at 2-15.) In short, plaintiffs allege that defendants unlawfully hacked into and modified plaintiffs' software in order to enable Tri-State to circumvent the software's security protections. The Court entered a preliminary injunction on March 7, 2011 (DE # 32), and, on August 13, 2012, granted in part and denied in part Tri-State's motion for partial summary judgment (DE #196, #238). In late 2012, after the close of fact and expert discovery, the parties cross-moved for summary judgment, motions that the Court referred to Magistrate Judge Mann. (DE #264, #279.)

In her thorough and persuasively reasoned R&R, Magistrate Judge Mann recommends that the Court: (1) grant, in substantial part, Tri-State's motion to preclude the Chadwick Declaration and the Burden Declaration; (2) grant summary judgment in favor of Tri-State on plaintiffs' claims under the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. § 1203 et seq., and the Lanham Act, 15 U.S.C. § 1125(a), as well as their state law claims for unjust enrichment and unfair competition, and correspondingly deny plaintiffs' cross-motion for summary judgment with respect to their DMCA claims; (3) deny Tri-State's motion for summary judgment with respect to plaintiffs' breach of contract claims, and correspondingly deny plaintiffs' cross-motion for summary judgment as to liability on those claims; (4) deny as moot Tri-State's motion for summary judgment on damages with respect to a purported lost fee for making use of the Genesys Source Code ("Genesys Source Code Fee") and purported lost fees for "unrestricted or unlimited user" Genesys and UniBasic licenses ("Unrestricted User Fees") in connection with plaintiffs' breach of contract claims; (5) deny Tri-State's motion for summary judgment with respect to its affirmative defenses of laches, unclean hands and failure to mitigate,

2

and grant plaintiffs' cross-motion for summary judgment striking these defenses; and (6) grant plaintiffs' cross-motion for summary judgment dismissing Tri-State's counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, indemnification and contribution.

Plaintiffs timely objected to the R&R's recommendation that the Court (1) preclude substantial portions of the Chadwick and Burden Declarations, (2) deny plaintiffs' motion for summary judgment and grant Tri-State's motion for summary judgment on plaintiffs' DMCA claims, and (3) find that plaintiffs waived their right to assert damages with respect to the Genesys Source Code Fee and the Unrestricted User Fees under their breach of contract claims. (DE #317.) Tri-State also timely filed objections, arguing that the R&R erred in (1) not granting summary judgment in favor of Tri-State on plaintiffs' breach of contract claims, (2) construing the software licenses' notice provisions as not requiring notice and opportunity to cure before filing suit, and (3) recommending that the Court deny Tri-State's motion for summary judgment and grant plaintiffs' cross-motion for summary judgment with respect to its affirmative defenses of laches, unclean hands and failure to mitigate damages. (DE #316.)

## DISCUSSION

### I. Standard of Review

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). When specific objections are

made, however, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## II. Plaintiffs' Objections to the Preclusion of the Chadwick and Burden Declarations

Plaintiffs' primary objection to the R&R is Magistrate Judge Mann's recommendation to strike substantial portions of the Chadwick and Burden Declarations as untimely expert disclosures. (See Pls.' Obj. at 4-31.) Plaintiffs assert that these declarations constitute lay testimony in their entirety. (Id. at 3-22.) They argue further that even if these declarations are expert opinion, any failure to timely disclose was substantially justified and harmless and that, in any event, the balance of factors counsels against preclusion. (Id. at 23-31.)

### A. The Chadwick and Burden Declarations As Expert Opinions

The Court rejects in large part plaintiffs' contention that the Chadwick and Burden Declarations constitute lay testimony for the reasons articulated in the R&R. As discussed therein, the Second Circuit has held that in considering whether lay opinion runs afoul of Rule 701(c), "a court must focus on 'the reasoning process' by which a witness reached his proffered opinion." United States v. Garcia, 413 F.3d 201, 215 (2d Cir. 2005). Although a lay witness may draw upon particularized, background knowledge acquired "by virtue of his or her position" in an organization, see Fed. R. Evid. 701 advisory committee's note (2000 Amendments), his or her opinion must be "informed by reasoning processes familiar to the average person in everyday life rather than by scientific, technical or other specialized knowledge." Garcia, 413 F.3d at 216. If the opinion "rests 'in any way' upon scientific, technical, or other specialized knowledge, its admissibility must be determined by reference to Rule 702, not Rule 701," i.e., it is expert not lay opinion. Id. at 215; see also DVL, Inc. v. Gen. Elec. Co., 490 F. App'x 378, 381 (2d Cir. 2012) (affirming district court's conclusion that purported lay witness opined as an expert when he

"relied on technical and scientific knowledge in making most of his observations and conclusions in [his] declarations").

Here, Magistrate Judge Mann determined, and the Court largely agrees, that substantial portions of the Burden and Chadwick Declarations are opinions that "rest[] . . . upon scientific, technical, or other specialized knowledge," and not, as plaintiffs maintain, their knowledge and personal experiences as CEOs of their respective companies. (See R&R at 17-19, 23-27.) Specifically, as discussed in the R&R, in paragraphs 4 through 15 of his declaration, "Burden utilizes his technical and specialized knowledge to provide opinions about Genesys in the context of the software industry generally" (R&R at 18-19), while the R&R found similarly that Chadwick in paragraphs 3 through 6 of his declaration "venture[s] beyond his experience with UniBasic by expounding on the functions and contents of another program, not owned by DCI, called Dartmouth Basic" (id. at 23-24). The R&R also found that paragraphs 14 through 22 of the Chadwick Declaration constitute "highly technical and specialized evidence" regarding defendants' purported modification to the Passport Licensing Security Software ("Passport"), including his "conclusions based on his review and examination of evidence produced by Tri-State during the course of this litigation." (Id. at 24-27.) Except as discussed below, these portions of the declarations are thus properly considered expert rather than lay opinion.

None of the arguments that plaintiffs raise in their objection undermine the Court's conclusion regarding the expert characterization of the vast majority of these paragraphs. First, plaintiffs expend considerable energy in their objection pointing out that numerous courts have permitted "a lay witness [to] offer opinion testimony concerning his or her own business and business activities—even where the testimony concerns scientific or technical matter—if it is rationally based upon the perceptions of the witness." (See Pls.' Obj. at 6-8.) This observation,

while an accurate reflection of the law, does not change the fact that opinions not based on rational first-hand perceptions but instead on scientific, technical or other specialized knowledge constitute expert opinion. See Bank of China, N.Y. Branch v. NBM LLC, 359 F.3d 171, 181-82 (2d Cir. 2004). Although the cases plaintiffs cite in their objection may suggest some leeway for lay witnesses testifying as to technical matters with which they may have particularized experience, none of them challenge this basic distinction.[1] See, e.g., Medforms, Inc. v. Healthcare Mgmt. Solutions, Inc., 290 F.3d 98, 110-111 (2d Cir. 2002) (holding trial court did not abuse its discretion in allowing a computer programmer to testify "based on his everyday experience as a computer programmer and specifically on his work on [the copyrighted software]," because that testimony was "not based on scientific, technical or other specialized knowledge within the scope of expert testimony"); City of New York v. Geodata Plus, LLC, 537 F. Supp. 2d 443, 455 (E.D.N.Y. 2007) (considering lay testimony by former manager of software company subcontractor, who had "personal knowledge concerning [subcontractor's] alleged involvement" in development of purportedly copied software). In this case, as stated above, Magistrate Judge Mann expressly considered and rejected plaintiffs' contention that the disputed paragraphs in the two declarations are either "purely factual in nature" or opinions that are based on perceptions and not reflections of specialized knowledge. Except as noted, these arguments do not lead the Court to a contrary conclusion.

---

[1] The Court observes, moreover, that plaintiffs are mistaken in claiming that Magistrate Judge Mann "inexplicably ignored" the portion of Medforms, Inc. v. Healthcare Management Solutions, Inc., 290 F.3d 98, 110-111 (2d Cir. 2002), that discusses the executive's lay testimony comparing the similarities and differences between two source code files. (See Pls.' Obj. at 13-14.) Rather, Magistrate Judge Mann properly distinguished the testimony upheld as lay opinion in Medforms from the relevant statements here by pointing out that Medforms concerned the question of authorship ("i.e., what contributions had been made by the claimed author of the software, who at the time had been working under the supervision of the challenged witness"), which involves a distinct analysis from the question of copyrightability at issue in this case. Copyrightability, Magistrate Judge Mann aptly observed, "necessarily requires not just testimony on the software at the center of the copyright dispute (with which a witness might have personal knowledge) but also a comparison with similar software in the industry." (R&R at 20-21.)

6

Second, plaintiffs appear to suggest that the Second Circuit's "general preference for lay testimony—not expert testimony—to establish infringement" should affect whether the declarations at issue here constitute lay versus expert testimony. (Pls.' Obj. at 8.) The Court is hard-pressed to understand how any such preference somehow transforms what would otherwise constitute expert opinion into lay testimony. If anything, this preference for lay opinion should have encouraged plaintiffs to ensure their declarations were squarely within Rule 701's parameters.

Finally, plaintiffs make two arguments specifically with respect to the expert designation given to portions of the Chadwick Declaration. Plaintiffs first argue that the Court, in adopting Magistrate Judge Mann's June 13, 2012 Report and Recommendation on Tri-State's earlier partial summary judgment motion, already "explicitly rejected Tri-State's argument to preclude virtually identical testimony by Mr. Chadwick as expert testimony." (Pls.' Obj. at 18.) As Magistrate Judge Mann explained, however, the Court found that testimony "admissible . . . for purposes of [that] motion" based on her conclusion that "Chadwick had sufficient personal knowledge to assist the Court in determining a 'narrow legal issue' based on facts both parties 'assumed to be true for purposes of th[at] motion.'" (R&R at 27 n.24.) In doing so, she did not analyze or consider either Rule 26 of the FRCP or Rule 701 of the FRE. (Id.) The Court thus agrees with Magistrate Judge Mann that the admission of similar testimony for purposes of resolving the legal issue presented in the partial summary judgment motion does not prevent the Court from determining here whether such testimony constitutes expert opinion.

Plaintiffs also argue that even if some portions of the Chadwick Declaration constitute expert opinion, Magistrate Judge Mann erred in not "finding as expert testimony only those precise statements that rely upon an expert reasoning process, and preserving the remainder as

7

lay testimony." (Pls.' Obj. at 17.) As an initial matter, the Court observes that if plaintiffs are claiming that Magistrate Judge Mann, and by extension this Court, should parse out every phrase contained in the declaration to determine which constitutes lay versus expert, they are attempting to impose an obligation that, contrary to plaintiffs' reading, the cases cited simply do not require. If there are facts concerning the relevant software embedded in the opinions of Burden and Chadwick (Pls. Obj. at 9-12, 16-18), it is plaintiffs' responsibility to ensure that the evidence on which they seek to rely is introduced properly. In any event, Magistrate Judge Mann did distinguish between those statements that constitute lay testimony from those that are expert opinion. In fact, in designating only some of the numbered paragraphs in the declaration as expert opinion, Magistrate Judge Mann clearly considered each paragraph independently, "preserving the remainder as lay testimony." (R&R at 23-25.) Nevertheless, the Court concludes that three of the paragraphs in the Chadwick Declaration characterized as expert opinion in the R&R are in fact lay testimony. Specifically, the Court concludes that paragraph 6, which reports the number of pages of the Dartmouth BASIC and UniBasic manuals, and paragraphs 15 and 16, which describe how DCI's Passport software works, are based on Chadwick's personal knowledge and thus constitute lay, not expert, testimony.

Accordingly, the Court adopts the R&R's determination in large part and finds that paragraphs 4 through 15 of the Burden Declaration and paragraphs 3 through 5, 14 and 17 through 22 of the Chadwick Declaration constitute expert opinion.

### B. Preclusion of Portions of the Chadwick and Burden Declarations

Because portions of the Chadwick and Burden Declarations constitute expert opinion, plaintiffs were required under Rule 26(a)(2)(C) to disclose Burden and Chadwick as non-retained experts, a requirement that plaintiffs undisputedly did not satisfy. Regardless, plaintiffs argue

that the expert portions of these declarations should not be struck as untimely expert disclosures, as recommended in the R&R, because their failure to timely disclose was both substantially justified and harmless and, in any event, because the balance of the Patterson factors weigh against preclusion. The Court finds plaintiffs' arguments unpersuasive.

As an initial matter, the Court observes that plaintiffs offered no justification in their motion papers for their failure to timely disclose, relying solely on their belief that the declarations constituted lay testimony and were therefore not subject to Rule 26(a)(2) disclosure requirements. (See R&R at 29; Pls.' Reply at 7-8.) Insofar as the justifications set forth in their objections are therefore new arguments that Magistrate Judge Mann did not have an opportunity to consider when issuing her R&R, it is not clear that the Court need even address these arguments. See, e.g., Fisher v. O'Brien, No. 09-CV-42, 2010 WL 1286365, at *1 (E.D.N.Y. Mar. 30, 2010) (declining to consider new arguments raised in objection because "'[i]n this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate judge but were not" (quoting Scientific Components Corp. v. Sirenza Microdevices, Inc., No. 03 Civ. 1851, 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006))); Green v. City of New York, No. 05-CV-429, 2010 WL 148128, at *4, *14 (E.D.N.Y. Jan 14, 2010) (declining to consider an entirely new argument not raised before the magistrate judge, and alternatively rejecting the argument as meritless).

In any event, neither of plaintiffs' explanations for their failure to timely disclose comprises a substantial justification. First, they argue that they relied on the admission over Tri-State's objection of a substantially similar declaration by Chadwick during the partial summary judgment motion in believing that no portion of the Chadwick and Burden Declarations

constituted expert opinion requiring further expert disclosure. (Pls.' Obj. at 12.) However, putting aside the fact that any such reliance would have been misplaced, it is unclear how the admission of the Chadwick testimony has any bearing on the Burden Declaration. More to the point, plaintiffs could not have relied on the partial summary judgment R&R since they had already missed the deadline for expert disclosures by the time it was issued. Thus, any reliance plaintiffs may have placed on the partial summary judgment R&R and the Court's subsequent adoption of it simply cannot explain, let alone justify, plaintiffs' earlier decision not to disclose.

Second, plaintiffs contend that "the substantial Second Circuit law [that] supports Plaintiffs' position" amply explains their justified belief that the Chadwick and Burden Declarations contain lay testimony only. That a plaintiff may have been mistaken about how the relevant case law applies to their witness declarations, however, is not, without more, a substantial justification for failing to disclose. See Musser v. Gentiva Health Servs., 356 F.3d 751, 758 (7th Cir. 2004) ("A misunderstanding of the law does not equate to a substantial justification for failing to comply with the disclosure deadline."); Howard v. Gray, 291 F.R.D. 6, 9 (D.D.C. 2013) (finding that "any confusion as to the disclosure requirement" for a witness as an expert does not "excuse [plaintiff's] failure to comply with Rule 26(a)(2)(A)"). This is particularly true where, as here, a party is aware that the nature of the relevant testimony may be in dispute. As the R&R points out, plaintiffs in this case were clearly on notice of Tri-State's concern about the character of the testimony to be offered by Burden and Chadwick. (See R&R at 28.)

The Court, moreover, rejects plaintiffs' claim that their failure to timely disclose was harmless. Plaintiffs contend that Tri-State was not prejudiced because it "was well aware of the identities of Messrs. Burden and Chadwick, as well as [sic] scope of their knowledge and

testimony" and had the opportunity to question both of them about the topics discussed in their declarations at their depositions. (Pls.' Obj. at 26.) However, despite Tri-State's repeated inquiries, plaintiffs declined to confirm whether Chadwick and Burden would be designated as experts. (See R&R at 29-30.) Under these circumstances, it is not obvious that Tri-State should be held responsible for anticipating the testimony at issue here, i.e., expert opinions utilizing knowledge and expertise surpassing their personal knowledge as CEOs of their respective companies. Nor would Tri-State have any independent reason to seek experts on matters (i.e., copyrightability and the basis for a substantial portion of plaintiffs' claimed statutory damages under the DMCA) that are plaintiffs' burden to establish. Thus, as the R&R determined, Tri-State was "clearly prejudiced" by plaintiffs' failure to timely disclose "in that Tri-State did not have proper notice and an opportunity to retain rebuttal experts." (R&R at 29.)

Finally, the Court finds plaintiffs' objections to the R&R's discussion of the Patterson factors unpersuasive. As already discussed, plaintiffs' explanation for their failure to timely disclose is not compelling, and the prejudice suffered by defendants is significant. In addition, the Court agrees with Magistrate Judge Mann that a continuance is not desirable in the circumstances of this case. Thus, despite the importance of the evidence at issue, the Court concludes that the balance of factors weigh in favor of preclusion and therefore adopts, with the exceptions noted, the R&R's recommendation to preclude substantial portions of the Burden and Chadwick Declarations. (See R&R at 29-33.) Specifically, the Court strikes paragraphs 4 through 15 from the Burden Declaration and paragraphs 3 through 5, 14 and 17 through 22 from the Chadwick Declaration. In conjunction, the Court agrees with Magistrate Judge Mann that the exhibits related to the stricken testimony (i.e., Exhibit 1 to the Burden Declaration and Exhibits

A and B to the Chadwick Declaration) should likewise by precluded and accordingly adopts that recommendation over plaintiffs' objection as well.[2]

### III. Plaintiffs' Objections to the Dismissal of Their DMCA Claims

Plaintiffs also object to the R&R's recommendation to grant summary judgment in favor of defendants on their DMCA claims, essentially repeating arguments already considered and rejected by Magistrate Judge Mann. After considering the parties' submissions and reviewing the relevant portion of the R&R, the Court agrees with Magistrate Judge Mann's analysis.

Plaintiffs' principal complaint is that the R&R "imposes an unduly onerous standard upon the owner of an unregistered work" to demonstrate that the unregistered work is protected under the Copyright Act for purposes of § 1201(a)(1)(A) of the DMCA. (Pls.' Obj. at 32.) The R&R, however, merely points out that plaintiffs must set forth admissible evidence that creates a genuine issue of material fact that the work defendants accessed was "protected" under the Copyright Act. (R&R at 39-42.) Requiring plaintiffs to put forth sufficient evidence to establish an element of their claim is not generally an "unduly onerous standard." See Jagex Ltd. v. Impulse Software, 750 F. Supp. 2d 228, 237 (D. Mass. 2010) (noting that DMCA claim "is dependent on proof of a valid copyright"); see also Chamberlain Group, Inc. v. Skylink Tech., Inc., 381 F.3d 1178, 1193 (Fed. Cir. 2004) (stating in the context of a § 1201(a)(2) claim that a DMCA plaintiff must prove, inter alia, "ownership of a valid copyright on a work"). Nevertheless, plaintiffs continue to press their argument that because Tri-State had "100% unconditional access to all aspects of both the Genesys and UniBasic programs," it therefore accessed some unidentified protectable element therein (Pls.' SJ. Opp. at 11). As Magistrate Judge Mann aptly observed, plaintiffs must provide actual evidence of a protectable element and

---

[2] In addition, the Court observes that even if it did not exclude these exhibits, their relevance would be largely lost on the Court without any corresponding explanation of their significance.

12

cannot simply assume "that there must be something original and protect[a]ble about the Software." (R&R at 39-40.) After striking the relevant portions of the Burden and Chadwick Declarations, the R&R concludes, "the evidence remaining in the record is not sufficient to create an issue of fact with respect to the copyrightability of the Software." (R&R at 42.) The Court's review of the record, including the three paragraphs in the Chadwick Declaration that the R&R had improperly precluded, leads it to the same conclusion, and the Court accordingly adopts the R&R's recommendation to grant summary judgment in favor of defendants on plaintiffs' DMCA claims.[3]

## IV. Objections to the Recommendations Regarding Plaintiffs' Breach of Contract Claims

### A. Summary Judgment on Plaintiffs' Breach of Contract Claims

Tri-State objects to the R&R's recommendation to deny its motion for summary judgment on plaintiffs' breach of contract claims, arguing that Magistrate Judge Mann erred in (1) interpreting the software licenses' notice and opportunity to cure provisions as not requiring plaintiffs to provide notice prior to filing the instant action, and (2) not addressing plaintiffs' lack of admissible evidence of any contract damages. The Court finds both arguments unpersuasive.

First, the Court concurs with the R&R that the notice and opportunity to cure provisions are not conditions precedent to plaintiffs bringing their own breach of contract claims but rather terms delineating the process by which plaintiffs, in the face of noncompliance by Tri-State, must terminate the licenses in order to avoid incurring liability to Tri-State. See IMG Fragrance Brands, LLC v. Houbigant, Inc., 679 F. Supp. 2d 395, 402-03 (S.D.N.Y. 2009) (holding that party's breach of contract claim was not precluded despite failing to give notice of defaults and

---

[3] In adopting the R&R's recommendation to grant summary judgment in favor of defendants on plaintiffs' DMCA claims on the basis of plaintiffs' failure to establish that the work defendants accessed is protected under the Copyright Act, the Court does not reach plaintiffs' additional objection that the R&R failed to grant summary judgment in favor of plaintiffs on the remaining elements of these claims.

13

opportunity to cure because "'a declaration of default is a condition precedent not to suing for breach of contract but to being authorized to terminate the contract immediately without liability to the other party'" (quoting Ixe Banco, S.A. v. MBNA Am. Bank, N.A., No. 07 Civ. 0432, 2008 WL 650403, at *11 (S.D.N.Y. Mar. 7, 2008))). As Magistrate Judge Mann points out, "[i]n contrast to the licensing language here, contractual notice-and-opportunity-to-cure provisions that have been construed by courts to create conditions precedent to claims for breach of contract have . . . contained language explicitly incorporating litigation-related terms such as 'action' or 'remedy' or 'damages.'" (R&R at 44.) That failure to comply with these provisions barred the breach of contract actions in those cases is entirely consistent with and does not, as Tri-State argues in its objection,[4] undermine Magistrate Judge Mann's construction. The Court thus finds no reason to reject the R&R's conclusion that the notice and opportunity to cure provisions at issue here do not entitle Tri-State to summary judgment on plaintiffs' breach of contract claims.

Second, despite Tri-State's claim to the contrary, the absence of an analysis in the R&R of plaintiffs' purported lack of admissible evidence of any contract damages is not an error but instead the result of Tri-State's failure to raise this argument properly in its summary judgment papers. Notwithstanding Tri-State's claim in the preliminary statement of its motion for summary judgment that "Plaintiffs suffered no damages as a result of any alleged breach," the R&R correctly highlights that Tri-State discussed three specific categories of damages only (i.e., damages related to the Genesys Source Code Fee and the Unrestricted User Fees). (R&R at 45-46, 65 n.50.) Only in its opposition to plaintiffs' cross-motion for summary judgment did Tri-State summarily assert that plaintiffs failed to identify damages with respect to any of their other

---

[4] The other case cited by Tri-State, Solow Building Co., LLC v. Frelau LLC, 899 N.Y.S.2d 794, 796 (N.Y. Sup. Ct. 2010), is inapposite. In finding that the proper predicate had not been set for an eviction proceeding, the court in that case did not find that the lack of notice barred the plaintiff landlord from bringing suit to terminate the lease but rather that the plaintiff's attempt to terminate through notice and opportunity to cure was deficient.

14

claimed breaches. (See R&R at 65 n.50; Tri-State Opp. at 49-50.) As Magistrate Judge Mann points out, however, plaintiffs discussed these other breaches in the context of seeking summary judgment on their breach of contract claims as to liability only. (R&R at 64; Pls.' Opp. at 49-52.) Under such circumstances, the Court cannot extrapolate from plaintiffs' failure to detail their damages for these breaches that there is no genuine dispute with respect to plaintiffs' contract damages. Indeed, the amount of space the parties have devoted to this argument in their objections, opposition to those objections and attempts to reply to those oppositions attests to the parties' obvious disagreement on this topic. (See DE #316, #319, #321, #322.) Although Tri-State may eventually prevail on its claim of lack of contract damages, the Court declines to consider here what are from the Court's perspective effectively new arguments for summary judgment on these additional categories of damages. See JP Morgan Chase Bank v. Altos Hornos de Mexico, S.A. de C.V., 412 F.3d 418, 428 (2d Cir. 2005) (declining to consider argument raised in reply brief but not opening brief); see also Fisher, 2010 WL 1286365, at *1 ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate judge but were not." (internal quotation marks and citation omitted)).

Based on the arguments properly presented at this juncture, the Court agrees with the recommendation to deny Tri-State's motion for summary judgment as to plaintiffs' breach of contract claims and accordingly adopts this portion of the R&R.

**B. Waiver of Certain Contract Damages Theories**

Plaintiffs unsurprisingly do not object to the R&R's recommendation to deny Tri-State's motion for summary judgment on damages with respect to three categories of damages—the

Genesys Source Code Fee and the Unrestricted User Fees—in connection with their breach of contract claims. They take serious objection, however, to the basis of that finding, namely that the issue was moot because plaintiffs had made it plain in their briefing that these categories of damages were being sought only as damages under the DMCA and by so arguing had waived any right now to seek them as contract damages. Plaintiffs claim this finding was error. The R&R, however, made this finding after attempting to construct a reasonable interpretation of plaintiffs' confusing briefing, coming to the entirely reasonable conclusion that plaintiffs failed to advance any argument in response to Tri-State's motion for summary judgment as to these three categories of contract damages. Faced with the consequences of their inadequate briefing, plaintiffs now appear to be constructing post-hoc theories in an attempt to advance arguments that they now realize they either did not make or did not state clearly. In doing so, plaintiffs continue their pattern of setting forth their contentions in a vague and confusing manner. Indeed, the Court finds it difficult to parse exactly what arguments plaintiffs are attempting to put forward in their objections.

Nevertheless, the Court declines to resolve the waiver issue without the benefit of the parties' arguments on the substance of this question, namely whether the Genesys Source Code Fee and Unrestricted User Fees are recoverable as contract damages, an issue not adequately briefed in their summary judgment papers. As a result, the parties are directed to submit according to the schedule set forth below additional briefing setting forth clearly their arguments as to whether the Genesys Source Code Fee and Unrestricted User Fees are recoverable as contract damages. Since the Court declines to decide Tri-State's motion for summary judgment on damages with respect to the Genesys Source Code Fee and Unrestricted User Fees in connection with plaintiffs' breach of contract claims without the additional briefing and without

finally resolving this waiver issue, the Court also reserves decision on Tri-State's motion with respect to these categories of contract damages.

## V. Tri-State's Objections to the Striking of Affirmative Defenses

Tri-State also objects to the recommendation to dismiss its affirmative defenses of laches, unclean hands and failure to mitigate damages. Specifically, Tri-State argues that Magistrate Judge Mann erred in (1) dismissing these defenses as moot, (2) finding that Tri-State had abandoned its mitigation of damages defense, and (3) failing to find that plaintiffs' conduct warranted the application of the unclean hands doctrine. None of these objections have merit.

First, the Court rejects any suggestion that Tri-State's laches defense should not be stricken as moot. Tri-State argues that in the event that the Court permits plaintiffs "to seek contract damages not disclosed in discovery" it should be allowed to assert this and its other affirmative defenses. As Magistrate Judge Mann noted, however, laches, an equitable defense, is unavailable as a defense to a claim for damages. (R&R at 57.)

Tri-State's arguments with respect to its mitigation of damages defense fares no better. Having reviewed the relevant portions of Tri-State's summary judgment papers, the Court agrees that Tri-State failed to articulate any argument on this defense and deems it abandoned as a result. Tri-State, moreover, does not given any explanation as to why a mitigation defense would be applicable to any of the purportedly undisclosed contract damages at issue.

Finally, with respect to its unclean hands defense, Tri-State states nothing that undermines the R&R's conclusion that it had failed to demonstrate that plaintiffs' conduct here "was so unconscionable as to preclude any recovery whatsoever." (R&R at 61.) Nor does Tri-State even attempt to address the fact that the unclean hands defense is an equitable one that would generally be inapplicable to plaintiffs' monetary demand.

Accordingly, the Court, as the R&R recommends, strikes Tri-State's affirmative defenses of laches, unclean hands and failure to mitigate damages.

**VI. The R&R's Remaining Recommendations**

Magistrate Judge Mann also recommends that the Court (1) grant Tri-State's motion for summary judgment on and dismiss plaintiffs' unjust enrichment claim and federal and state unfair competition claims as against all three defendants (R&R at 48-55); (2) grant plaintiffs' motion for summary judgment on and dismiss Tri-State's counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, indemnification and contribution (R&R at 48-56); and (3) deny plaintiffs' motion for summary judgment as to liability on their breach of contract claims (R&R at 64-69). Neither party objects to these portions of the R&R. Having found no clear error on the face of the record, the Court hereby adopts these portions of the R&R as the opinion of the Court.

## CONCLUSION

For the reasons stated above, the Court adopts Magistrate Judge Mann's R&R as modified by the noted exceptions. Specifically, the Court: (1) grants, in substantial part, Tri-State's motion to preclude the Chadwick and Burden Declarations; (2) grants summary judgment in favor of Tri-State dismissing plaintiffs' DMCA and Lanham Act claims, as well as their state law claims for unjust enrichment and unfair competition, and correspondingly denies plaintiffs' cross-motion for summary judgment with respect to their DMCA claim; (3) denies Tri-State's motion for summary judgment with respect to plaintiffs' breach of contract claims, and correspondingly denies plaintiffs' cross-motion for summary judgment as to liability on those claims; (4) denies Tri-State's motion for summary judgment with respect to its affirmative defenses of laches, unclean hands and failure to mitigate, and grant plaintiffs' cross-motion for

summary judgment striking these defenses; and (5) grants plaintiffs' cross-motion for summary judgment dismissing Tri-State's counterclaims for breach of contract, breach of the implied covenant of good faith and fair dealing, fraudulent inducement, indemnification and contribution. The Court, however, reserves decision on Tri-State's motion for summary judgment on damages with respect to the Genesys Source Code Fee and Unrestricted User Fees in connection with plaintiffs' breach of contract claims. The parties are to file submissions that set forth their arguments as to whether these categories of damages are recoverable as contract damages in this case by October 18, 2013. Any reply is to be filed by November 1, 2013.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2013

s/Carol Bagley Amon

Carol Bagley Amon
Chief United States District Judge